**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6767

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CESAR YOALDO CASTILLO

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina at Charlotte. Robert J. Conrad, Jr., District Judge. (3:08-cr-00134-RJC-15; 3:16-cv-00431-RJC)

Argued: October 24, 2023                    Decided: February 27, 2024

Before WILKINSON, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anthony J. Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** John G. Baker, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Yoaldo Castillo pleaded guilty in 2009 to two counts of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). The underlying crime of violence for each count was VICAR assault with a dangerous weapon. Castillo seeks to vacate his conviction on the basis that VICAR assault with a dangerous weapon is no longer a valid crime-of-violence predicate. In the companion case presenting this very issue, we held that it is. *See United States v. Thomas*, 87 F.4th 267 (4th Cir. 2023). We therefore uphold Castillo's conviction.

I.

Castillo was a member of La Mara Salvatrucha, known as MS-13, an international criminal gang with Salvadoran roots operating across the United States and Central America. He was unlawfully residing in North Carolina when he participated in various racketeering activities around the State, including two shootings.

The first shooting occurred in the early morning hours of Superbowl Sunday 2008. Castillo and his fellow gang members were turned away from a Charlotte night club when they tried to enter with an open bottle of beer. The gang members were reported to have stated, "We are Mara Salvatrucha, and we will kill all of you," before opening fire on the crowd. The club owner and a patron were shot in the ruckus.

Outside another night club several weeks later, Castillo and his crew encountered a car full of rival gang members. Gang signs were flashed, then weapons. The MS-13 members jumped into their own vehicle and chased the car while bullets flew. Castillo sat

3

in the back seat, window cracked, emptying his weapon into the other vehicle. One of his bullets struck a rival gang member.

## II.

These skirmishes and others culminated in Castillo's being charged alongside twenty-five other individuals in a seventy-count federal indictment. Castillo pleaded guilty to six criminal counts, including four counts related to the 2008 shootings: two counts of possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) (Counts 36 and 40) and two counts of aiding and abetting assault with a dangerous weapon in aid of racketeering activity (VICAR) in violation of 18 U.S.C. § 1959(a)(3) and § 2 (Counts 35 and 39).

For each of the § 924(c) counts, the indictment charged that the underlying "crime of violence" was one of the VICAR offenses to which he pleaded. Count 36 charged the VICAR offense in Count 35 as its underlying "crime of violence," and Count 40 charged the VICAR offense in Count 39. As "crimes in aid of racketeering," 18 U.S.C. § 1959, VICAR offenses themselves must be based on an underlying state or federal predicate crime. Castillo's VICAR counts, in turn, alleged that the underlying offenses were both assault in violation of North Carolina law. *See* N.C. Gen. Stat. § 14-32.

The plea agreement also stipulated that Castillo waived his right to collaterally attack his conviction on any ground other than prosecutorial misconduct or ineffective assistance of counsel.

The court sentenced Castillo to a total term of imprisonment of 392 months, a downward variance from the term advised by the United States Sentencing Guidelines. The

4

sentence included a total term of 390 months for Castillo's § 924(c) convictions and 2-month concurrent sentences for each of the other counts. Though he did not directly appeal his conviction or his sentence, Castillo filed an 18 U.S.C. § 2255 motion to vacate his § 924(c) conviction in light of changes in the law.

### III.

In 2009, when Castillo pleaded guilty to violating § 924(c), the term "crime of violence" was defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) was commonly referred to as the "force" or "elements clause" and subsection (B) as the "residual clause," and felonies could qualify under either subsection. But the Supreme Court has since narrowed the class of offenses that could serve as predicate crimes of violence for a § 924(c) conviction, first by invalidating the residual clause, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and then by establishing a heightened mens rea for the remaining force clause, *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021) (plurality opinion) (stating that an offense must have a mens rea greater than recklessness to qualify as a "violent felony"); *id.* at 1835 (Thomas, J., concurring) (recognizing the same).

5

Castillo argued that his § 924(c) convictions must be vacated because the predicate crimes underlying them—both VICAR assault with a dangerous weapon—no longer qualified as crimes of violence.

IV.

The district court rejected Castillo's argument. It held that Castillo waived his challenge by his "knowing and voluntary guilty plea and post-conviction waiver," that his challenge was procedurally defaulted for failing to raise it on direct appeal, and that, in any event, his challenge failed on the merits. *Castillo v. United States*, 2020 WL 1490727, at *4–5 (W.D.N.C. Mar. 24, 2020). For these reasons, it denied his § 2255 motion.

Castillo appealed the denial, and we granted a certificate of appealability to determine whether VICAR assault with a dangerous weapon predicated on North Carolina assault continues to qualify as a crime of violence and whether such a claim is precluded by the waiver provision in the plea agreement or procedurally defaulted by Castillo's failure to raise it on direct appeal. The disposition of the first issue obviates the need to address the others.

This case came before us alongside a companion case presenting the very same issue, *Thomas*, 87 F.4th 267. In *Thomas*, we held that VICAR assault with a dangerous weapon was itself a valid crime of violence and that there was no need to look through the VICAR offense to its underlying predicates to make that determination. We thus upheld the challenged § 924(c) conviction in that case.

6

Castillo correctly acknowledged at oral argument that this case would rise or fall with *Thomas*. For the reasons set forth in *Thomas*, we affirm the judgment in this case as well.

AFFIRMED